**Kelly Deshun HEMPHILL,
Plaintiff–Appellant,**

v.

**Christoff HAGLUND, Police Officer,
Bridgman City Police Dept.,
Defendant–Appellee.**

No. 02–1025.

United States Court of Appeals,
Sixth Circuit.

Sept. 16, 2002.

Before SILER, DAUGHTREY, and GILMAN, Circuit Judges.

Kelly Deshun Hemphill, proceeding pro se, appeals a district court judgment dismissing his civil rights complaints filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

By way of background, a police officer (Haglund) stopped a car driven by Josephine Moore for exceeding the speed limit. Hemphill was seated in the rear of the car at the time. When Haglund pulled up behind the car, he observed Hemphill making "movements like he was stuffing something in his pants." Hemphill denied making such a movement. After approaching the car, Haglund noticed the smell of marijuana emanating from the car, and he stated that Moore told him that Hemphill had been smoking marijuana earlier. Hemphill stated that Moore merely said that "[I]t had been smoked a while ago." Haglund stated that after he asked Hemphill to exit the car, he noticed that Hemphill's jeans were unbuttoned, that his zipper was down, and that his belt was undone. Hemphill asserted that his pants, belt and zipper were fastened. Haglund stated that after patting Hemphill down, he asked him to lower his pants and expose his crotch area, and that when Hemphill complied Haglund discovered two baggies of cocaine in his underwear. Hemphill stated that Haglund repeatedly asked him to lower his pants and expose his genitalia before he complied. Hemphill was arrested, charged with possession with intent to distribute between 225 and 650 grams of cocaine, and he eventually pleaded guilty to a lesser charge.

Seeking monetary relief, Hemphill sued Haglund, essentially claiming that Haglund violated his Fourth Amendment rights when he ordered Hemphill to expose his genitalia following the traffic stop. Upon review, a magistrate judge filed a report concluding that Hemphill's claim was barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because Hemphill's conviction had not been overturned and because he had not identified a separate compensable injury unrelated to his conviction. He recommended that the district court grant Haglund's motion for summary judgment and deny Hemphill's motion for summary judgment. Over Hemphill's objections, the district court adopted the magistrate judge's report, concluded that Hemphill's claim was also barred by the doctrine of res judicata, and dismissed the case.

Hemphill has filed a timely appeal, essentially reasserting his Fourth Amendment claim. He argues that his claim is not barred by *Heck* because Haglund's

conduct constitutes an invasion of privacy, which is a compensable injury under § 1983, and that relief on such a claim does not implicate the invalidity of his conviction.

Upon review, we conclude that the district court properly granted summary judgment to the defendant, and that it properly denied Hemphill's cross-motion for summary judgment. This court reviews de novo a district court's grant of summary judgment; it uses the same test as used by the district court. *Lucas v. Monroe County*, 203 F.3d 964, 971 (6th Cir.2000). It reviews a district court's denial of summary judgment for an abuse of discretion. *See Hanover Ins. Co. v. American Eng'g Co.*, 33 F.3d 727, 730 (6th Cir. 1994). Summary judgment is proper if no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 914 (6th Cir.2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.*

Hemphill's claim is not cognizable because a ruling in Hemphill's favor would necessarily imply the invalidity of his conviction. *See Heck*, 512 U.S. at 486–87, 114 S.Ct. 2364. A review of the complaint clearly reflects Hemphill framed his claim in the context of damages caused when Haglund conducted a search which led to the discovery of illegal drugs. Moreover, Hemphill eventually pleaded guilty to the charges imposed based on the results of the search. Hemphill offers nothing to indicate that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under § 2254. *See Heck*, 512 U.S. at 486–87, 114 S.Ct. 2364. Moreover, Hemphill is estopped by his guilty plea from now alleging that Haglund lacked probable cause to stop and search him. *Walker v. Schaeffer*, 854 F.2d 138, 142–43 (6th Cir.1988).

Contrary to Hemphill's argument, his claim is clearly barred by *Heck*. Hemphill maintains that he should be permitted to challenge the alleged illegal search because the search itself represents a distinct constitutional violation. However, Hemphill cannot pursue such a claim because he did not allege an actual compensable injury apart from his conviction and confinement. *See Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396 (6th Cir.1999).

Finally, to the extent that Hemphill asserts this claim as an invasion of privacy, we conclude that the claim lacks merit because the officer clearly had probable cause to conduct the search once he observed Hemphill appearing to stuff something into his pants.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.